IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA



CASE NO.: 08-CV-61643 COHN/SELTZER

AT&T MOBILITY LLC and AT&T
INTELLECTUAL PROPERTY II, L.P.,

   Plaintiffs,

v.

CELLULAR LINK COMMUNICATION,
INC.; SYED T. HUSSAIN; JOHN DOES 1-50;
XYZ COMPANIES 1-50,

   Defendants.

_____

## FINAL JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANTS

Plaintiffs AT&T Mobility LLC and AT&T Intellectual Property II L.P. (collectively "AT&T"), brought the above-captioned lawsuit against Defendants, Cellular Link Communication, Inc. and Syed T. Hussain (collectively referred to as "Defendants"), alleging that Defendants are engaged in an unlawful enterprise involving the acquisition, sale, and alteration of large quantities of AT&T prepaid wireless telephones (referred to herein as "GoPhones" or "Phones") purchased from retail outlets, the solicitation and payment of others to bulk purchase Phones for Defendants' benefit, computer hacking and erasing or otherwise disabling software installed in the Phones, or selling the Phones to others who disable the software, and ultimately selling or facilitating the sale of the altered Phones as new under the AT&T trademarks for unauthorized use outside of the AT&T wireless system for profit and

1

14597266.2

fraudulently activating or selling for fraudulent activation AT&T GoPhone SIM cards and/or PIN numbers for free airtime (the "Illicit Bulk Retail Scheme").

AT&T GoPhones are sold subject to terms and conditions ("Terms and Conditions") which conspicuously restrict and limit the sale and use of the GoPhones. These Terms and Conditions are set forth in printed inserts that are included in the packaging with every AT&T GoPhone and are posted on AT&T's website. The Terms and Conditions and language on the GoPhone packaging constitute a valid binding contract.

AT&T asserts that Defendants have violated the Terms and Conditions by, *inter alia*, purchasing AT&T GoPhones with the intent that such phones will not be activated and used on AT&T's service, but instead with the intent to improperly unlock, repackage, and resell the phones, and by otherwise using the GoPhones.

As a result of Defendants' alleged involvement in the Illicit Bulk Retail Scheme, AT&T asserted claims against Defendants for breach of contract; infringement of federally registered trademarks under 15 U.S.C. § 1114; federal trademark dilution; federal trademark infringement and false advertising under 15 U.S.C. § 1125(a)(1)(A) and (B); unfair competition under Florida common law; contributory trademark infringement; tortious interference with business relationships and prospective advantages; tortious interference with contract; harm to AT&T's goodwill and business reputation; civil conspiracy; and unjust enrichment. Defendants' denied they participated in such activity.

Based on the respective positions advocated by the parties and having reviewed the Complaint and file and being otherwise duly and fully advised in the premises, it is hereby

**ORDERED, ADJUDGED** and **DECREED** that:

2

1. This Court has jurisdiction over all the parties and all of the claims set forth in AT&T's complaint.

2. The Court finds that AT&T has the right to use and enforce said rights in the stylized AT&T and GOPHONE marks, which are used in connection with telecommunications products and services, as depicted below:





AT&T uses the AT&T Marks on and in connection with its telecommunications products and services. The AT&T and GOPHONE marks are valid, distinctive, protectable, famous, have acquired secondary meaning, and are associated exclusively with AT&T.

3. The Court finds that Defendants' involvement in the Illicit Bulk Retail Scheme, if proven, would constitute breach of contract; infringement of federally registered trademarks under 15 U.S.C. § 1114; federal trademark dilution; federal trademark infringement and false advertising under 15 U.S.C. § 1125(a)(1)(A) and (B); unfair competition under Florida common law; contributory trademark infringement; tortious interference with business relationships and prospective advantages; tortious interference with contract; harm to AT&T's goodwill and business reputation; civil conspiracy; and unjust enrichment.

4. The Court finds that the Terms and Conditions and the language on the GoPhone packaging constitute a valid binding contract enforceable against Defendants. The Court finds that (a) facilitating others to use GoPhones in conjunction with service providers other than

3

AT&T, and (b) tampering with or altering, or facilitating or assisting others to tamper with or alter, GoPhones or the GoPhones' software constitute independent breaches of contract for which AT&T is entitled to relief.

5. The Court further finds that Defendants' participation in the Illicit Bulk Retail Scheme, if proven, would cause substantial and irreparable harm to AT&T for which there is no adequate remedy at law, and would continue to cause substantial and irreparable harm to AT&T unless enjoined.

6. On review and consideration of all relevant factors, AT&T is entitled to injunctive relief on the claims as set forth in the Complaint.

7. Final judgment is hereby entered in favor of the Plaintiffs AT&T Mobility LLC and AT&T Intellectual Property II L.P., on all claims set forth in AT&T's complaint.

8. Cellular Link Communication, Inc. and Syed T. Hussain, and each and all of his and its past and present respective officers, directors, successors, assigns, parents, subsidiaries, affiliates, related companies, predecessors-in-interest, agents, employees, heirs, personal representatives, beneficiaries, relatives, and all other persons or entities acting or purporting to act for him/it or on his/its behalf, including but not limited to any corporation, partnership, proprietorship or entity of any type that is in any way affiliated or associated with any Defendant or any Defendant's representatives, agents, assigns, parent entities, employees, independent contractors, associates, servants, affiliated entities, and any and all persons and entities in active concert and participation with any Defendant who receive notice of this Order, shall be and hereby are PERMANENTLY ENJOINED from:

    a. purchasing, selling, unlocking, reflashing, altering, advertising, soliciting and/or shipping, directly or indirectly, any AT&T GoPhones or "Activation Materials,"

which consist of SIM cards, GoPhone airtime cards, User Guides, PIN numbers and/or other mechanism, process or materials used to activate service or acquire airtime in connection with a new activation or GoPhone, currently offered for sale by AT&T or that may be offered for sale in the future, as listed and updated from time to time on AT&T's website: http://www.att.com, regardless of whether such devices are in or out of their original packaging, or whether "locked," "unlocked," or otherwise modified in any way by any person from any source other than directly from AT&T or the phone's manufacturer at auction, unless expressly authorized by AT&T in writing;

b.  accessing, altering, erasing, tampering with, deleting or otherwise disabling the software contained in any GoPhone except as expressly permitted by AT&T;

c.  facilitating or in any way assisting other persons or entities who Defendants know or should know are engaged in unlocking GoPhones and/or hacking, altering, erasing, tampering with, deleting or otherwise disabling the software installed in GoPhones or fraudulently activating SIM cards;

d.  facilitating or in any way assisting other persons or entities who Defendants know or should know are engaged in any of the acts prohibited under this Permanent Injunction, including, without limitation, the buying and/or selling of unlocked GoPhones and/or Activation Materials; and

e.  knowingly using the AT&T or GoPhone Marks or any mark owned or used by AT&T, or that is likely to cause confusion with AT&T's marks, without AT&T's prior written authorization.

9. The address of Syed T. Hussain a/k/a Sam Hussain is 6624 Northwest 99th Avenue, Parkland, Florida 33076.

10. The address of Defendant Cellular Link Communication, Inc. is 1739 Banks Road, Margate FL 33063.

11. The address of Plaintiffs AT&T Mobility LLC and AT&T Intellectual Property II L.P. is 5565 Glenridge Connector, Suite 1700, Atlanta, GA 30342.

12. The Court retains jurisdiction over this matter and the parties to this action in order to enforce any violation of the terms of this Permanent Injunction by a finding of contempt and an order for payment of compensatory damages to AT&T in an amount of Five Thousand Dollars and No Cents ($5,000.00 (U.S.)) for each AT&T prepaid phone or item of Activation Material, that Defendant(s) are found to have purchased, sold, unlocked, reflashed, altered, advertised, solicited, activated, and/or shipped. The Court finds that these amounts are compensatory and reasonable estimations of the minimum damages suffered by AT&T for such a breach and will serve to compensate AT&T for its losses in the event a Defendant violates the terms of this Permanent Injunction.

13. The prevailing party in any proceeding to enforce compliance with the terms of this Final Judgment and Permanent Injunction shall be entitled to an award of its attorneys' fees and costs.

14. The Clerk shall close this case and deny all pending motions as moot.

DONE AND ORDERED in Fort Lauderdale, Florida, this 23rd day of APRIL, 2009.

JAMES I. COHN
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All Counsel of Record

14597266.2